IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD BRETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| MEGAN J. BRENNAN ) | |
| United States Postmaster General ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DISCRIMINATION

COMES NOW Plaintiff Donald Brett, by and through undersigned counsel, and states as follows:

1.  Plaintiff brings this action pursuant to the Rehabilitation Act of 1973, the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 for discrimination and retaliation on the basis of disability, age, race and protected activity in employment.

## JURISDICTION AND VENUE

2.  Jurisdiction of this court is founded pursuant to 28 U.S.C. §§1331 and 1367(a) and 39 U.S.C. §409.

3.  Venue lies in this Court, pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3) since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia.

**PARTIES**

4. Plaintiff, Donald Brett ("Mr. Brett"), is an adult white male, a citizen of the United States and a bona fide resident of the District of Columbia. At all times relevant herein, Mr. Brett was over 40 years old. At all times further relevant herein, Mr. Brett was an employee of the United States Postal Service.

5. Defendant, Megan J. Brennan, is the Postmaster General of the United States Postal Service. The United States Postal Service ("USPS") is an independent agency of the United States Government.

**FACTS COMMON TO ALL COUNTS**

6. Mr. Brett began his employment with the USPS on December 3, 1977. By 2006, Mr. Brett was working as an Automotive Mechanic at the Capital District Vehicle Maintenance Facility in Washington, D.C.

7. During his tenure as an Automotive Mechanic, Mr. Brett was subjected to materially adverse disparate treatment and harassment because of his race, age, disability and in retaliation for engaging in protected activity.

8. Up until about November 2008, Mr. Brett had had no performance deficits nor taken extended leave for work-related injuries.

9. That month, Al Trent, a white male, became the manager of the entire fleet operations and Mr. Brett's second-line supervisor.

10. On or about November 14, 2008, Mr. Brett suffered a workplace injury and his doctor placed him on total medical disability. Mr. Trent refused Mr. Brett's request for workers compensation or his request for advance sick leave on June 24, 2009, charging Mr. Brett with sick leave from November 14, 2008 through April 28, 2009, without his authorization and in

violation of postal service regulations.

11.     As a result of this treatment, Mr. Brett sought EEO counseling for age, race and disability discrimination in June 2009.

12.     On or about July 21, 2009, Mr. Brett suffered another workplace injury. Mr. Brett's injury was the result of a freak accident.

13.     Nevertheless, Mr. Trent directed Mr. Brett's direct supervisor to suspend Mr. Brett for fourteen (14) days for engaging in an "unsafe work practice" stemming from the accident. The discipline imposed on July 30, 2009, was wholly unwarranted, disproportionate to any alleged "offense" and inconsistent with any concept of progressive discipline.

14.     Mr. Brett filed a grievance with his union and, on August 11, 2009, sought EEO counseling alleging age, race and disability discrimination, as well as unlawful retaliation by defendant's agents Mr. Trent, Henry Barnett, an African-American male, Jordan Hart, an African-American male, John Davis, an African-American male, Stamatias Kargotsas, Monni Preston and Toni Grier, both African-American females, and Blanca Sanchez, an Hispanic female.

15.     In October 2009, Mr. Brett also lodged a complaint about his management's mistreatment to the Inspector General for the Postal Service.

16.     In late November 2009, Mr. Trent provided a statement in the formal investigation into Mr. Brett's EEO complaints.

17.     Two months later, on January 27, 2010, Mr. Brett fell ill and requested sixteen (16) hours of advance sick leave. The request for advance sick leave was required since defendant arbitrarily and wrongfully rebuffed Mr. Brett's efforts to restore the sick leave improperly used during his workplace injury in 2008. Mr. Brett submitted medical

documentation for his advanced leave request. Mr. Trent denied the request and charged Mr. Brett as absent without leave ("AWOL") for the days his physician instructed him not to report to work.

18. On or about February 5, 2010, Mr. Brett was suspended for 14-days as a result of Mr. Trent placing him on AWOL. Similarly situated employees without records of complaints against Mr. Trent were not disciplined in the manner Mr. Brett was, if at all, for similar occurrences, job-related accidents and leave requests.

19. From February 9, 2010, to the time of Mr. Brett's constructive termination in September 2010, Mr. Trent continued a pattern of harassment that ultimately resulted in Mr. Brett's termination.

20. On February 9, 2010, Mr. Brett suffered a job-related fall that resulted in four broken ribs. The fall was the result of the Agency's failure to appropriately clear accumulated snow and ice following a severe snowstorm. Mr. Brett's physician found Mr. Brett totally disabled and submitted supporting medical documentation.

21. On February 19, 2010, Mr. Trent contacted the Postal Inspector Service and falsely complained that this most recent claim by Mr. Brent under workers compensation was his "tenth."

22. As a result of this referral, Mr. Brett was placed under surveillance at this home and around his neighborhood over a month after his fall. Based on the agency's purported observations of Mr. Brett "sitting at a Starbucks," it determined that Mr. Brett was falsely claiming workers compensation and informed him he was the target of a criminal investigation. Defendant's claims relating to Mr. Brett's workers compensation claim was categorically false. On June 22, 2010, nevertheless, the agency proposed Mr. Brett's removal from his federal

employment.

23. Al Trent had a record of lodging unfounded complaints with the office of the postal inspector to enact revenge and punish employees for opposing his employment practices.

24. On September 3, 2010, the agency sustained Mr. Brett's termination. Believing his efforts to overturn his termination would be futile, Mr. Brett submitted his retirement on September 10, 2012.

25. On July 2, 2015, the agency issued and mailed a Final Agency Decision affirming the dismissal of Mr. Brett's administrative complaints, and, therefore, Mr. Brett has exhausted his administrative remedies.

## FIRST CAUSE OF ACTION
**Violation of the Rehabilitation Act**

26. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "25" as if originally pleaded herein.

27. Defendant, through its agents or supervisors, unlawfully discriminated and denied Mr. Brett equal employment opportunities because of his disabilities when it denied him equal employment opportunities, failed to provide him with reasonable accommodations, imposed unwarranted suspensions and other tangible adverse actions, created a hostile work environment, lodged unfounded allegations with the office of inspector general and constructively terminated his employment without cause of justification, in violation of the Rehabilitation Act.

28. As a direct and proximate result of the illegal employment discrimination by Defendant, Mr. Brett has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Mr. Brett has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

29. Mr. Brett is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the Rehabilitation Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b) To award him, under the Rehabilitation Act, reinstatement and position consistent with his experience and training;

(c) To award him compensatory damages in an amount to be proven at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
**Violation of the Rehabilitation Act - Unlawful Retaliation**

30. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "29" as if originally pleaded herein.

31. By the actions set out above, defendant subjected Mr. Brett to unlawful retaliation and denied him the rights and privileges secured by the Rehabilitation Act, when it denied him professional opportunities for which he was qualified, failed to provide him with reasonable accommodations, imposed unwarranted suspensions and other tangible adverse employment actions, created a hostile work environment, lodged unfounded allegations with the office of inspector general, proposed his employment termination and constructively terminated his employment, without cause or justification, because he had engaged in protected activity under

the Act.

32. As a direct and proximate result of the illegal employment discrimination by Defendant, Mr. Brett has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Mr. Brett has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

33. Mr. Brett is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the Rehabilitation Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b) To award him, under the Rehabilitation Act, reinstatement and position consistent with his experience and training;

(c) To award him compensatory damages in an amount to be proven at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Violation of Title VII

34. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "33" as if originally pleaded herein.

35. Defendant, through its agents or supervisors, unlawfully discriminated and denied Mr. Brett equal employment opportunities because of his race when it denied him equal employment opportunities, failed to provide him with reasonable accommodations, imposed unwarranted suspensions and other tangible adverse actions, created a hostile work environment, lodged unfounded allegations with the office of inspector general, and constructively terminated his employment without cause of justification, in violation of Title VII.

36. As a direct and proximate result of the illegal employment discrimination by Defendant, Mr. Brett has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Mr. Brett has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

37. Mr. Brett is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under Title VII, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b) To award him, under the Rehabilitation Act, reinstatement and position consistent with his experience and training;

(c)         To award him compensatory damages in an amount to be proven at trial;

(d)         To award him reasonable attorney's fees and costs of this action; and

(e)         To award him such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Violation of Title VII - Unlawful Retaliation

38.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "37" as if originally pleaded herein.

39.     By the actions set out above, defendant subjected Mr. Brett to unlawful retaliation and denied him the rights and privileges secured by the Rehabilitation Act, when it denied him professional opportunities for which he was qualified, failed to provide him with reasonable accommodations, imposed unwarranted suspensions and other tangible adverse employment actions, created a hostile work environment, lodged unfounded allegations with the office of inspector general, proposed his employment termination and constructively terminated his employment, without cause or justification, because he had engaged in protected activity under the Act.

40.     As a direct and proximate result of the illegal employment discrimination by Defendant, Mr. Brett has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Mr. Brett has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

41.     Mr. Brett is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award him, under Title VII, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b)     To award him, under Title VII, reinstatement and position consistent with his experience and training;

(c)     To award him compensatory damages in an amount to be proven at trial;

(d)     To award him reasonable attorney's fees and costs of this action; and

(e)     To award him such other and further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Violation of the Age Discrimination in Employment Act

42.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "41" as if originally pleaded herein.

43.     Defendant, through its agents or supervisors, unlawfully discriminated and denied Mr. Brett equal employment opportunities because of his disabilities when it denied him equal employment opportunities, failed to provide him with reasonable accommodations, imposed unwarranted suspensions and other tangible adverse actions, created a hostile work environment, lodged unfounded allegations with the office of inspector general, and constructively terminated his employment without cause of justification, in violation of the Rehabilitation Act.

44.     As a direct and proximate result of the illegal employment discrimination by Defendant, Mr. Brett has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Mr. Brett has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

45.     Mr. Brett is informed and believes that the outrageous conduct of Defendant

described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the ADEA, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b) To award him, under the ADEA, reinstatement and position consistent with his experience and training;

(c) To award him compensatory damages in an amount to be proven at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
**Violation of the Age Discrimination in Employment Act - Unlawful Retaliation**

46. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "45" as if originally pleaded herein.

47. By the actions set out above, defendant subjected Mr. Brett to unlawful retaliation and denied him the rights and privileges secured by the ADEA, when it denied him professional opportunities for which he was qualified, failed to provide him with reasonable accommodations, imposed unwarranted suspensions and other tangible adverse employment actions, created a hostile work environment, lodged unfounded allegations with the office of inspector general, proposed his employment termination and constructively terminated his employment, without cause or justification, because he had engaged in protected activity under the Act.

48. As a direct and proximate result of the illegal employment discrimination by

Defendant, Mr. Brett has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Mr. Brett has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

49. Mr. Brett is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the ADEA, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b) To award him, under the ADEA, reinstatement and position consistent with his experience and training;

(c) To award him compensatory damages in an amount to be proven at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues.

                    Respectfully submitted,

                    */s/ Lisa Alexis Jones*
                    Lisa Alexis Jones, Esq.
                    Lisa Alexis Jones, PLLC
                    One Rockefeller Plaza, 10th Floor
                    New York, N.Y.  10020-2003
                    (646) 756-2967
                    (888) 755-6778 (Fax)
                    ljones@lisaajones.com

                    *Counsel for Plaintiff*

Dated: October 2, 2015