# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **DONALD BRETT**,  |
| Plaintiff,  |
| v.  |
| **MEGAN J. BRENNAN,** *in her official capacity as U.S. Postmaster General,*  |
| Defendant.  |

Case No. 1:15-cv-01613 (TNM)

## MEMORANDUM ORDER

Plaintiff Donald Brett, a former employee of the U.S. Postal Service, sued the Postmaster General under the Rehabilitation Act of 1973 for employment discrimination based on disability, for retaliation based on protected activity, and for the creation of a hostile work environment. In a prior Order, the Court granted in part and denied in part the Postmaster General's motion for summary judgment. *See Brett v. Brennan*, No. 1:15-CV-01613 (TNM), 2019 WL 4040682, at *1 (D.D.C. Aug. 27, 2019). The Postmaster General now moves for reconsideration of the Court's denial of her motion with respect to Mr. Brett's retaliation claim. *See* Mot. for Recons. ("Mot."), ECF No. 61.

## I.

"Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Courts may grant a Rule 59(e) motion only "(1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or

prevent manifest injustice.'" *Id.* (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

There is no manifest injustice when "a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004). "And the moving party has the burden of proving that relief under Rule 59(e) is warranted." *Arabaitzis v. Unum Life Ins. Co. of Am.*, 351 F. Supp. 3d 11, 15 (D.D.C. 2018).

## II.

In a January 2010 EEOC affidavit, Mr. Brett wrote, "I am convinced my superiors were motivated to retaliate against me for a number of reasons and incidents . . ." and then listed protected activity but also other non-protected incidents. *See* Brett Aff. 4–5, ECF No. 53-11.[1] According to the Postmaster General, because Mr. Brett detailed multiple reasons for the adverse actions at issue, there is no genuine issue about whether his protected activity was the but-for cause of those adverse actions. Mot. 2.

To prevail on a retaliation claim, a plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). According to the Postmaster General, Mr. Brett's claim fails because he admitted that there were many reasons why the Postmaster General retaliated against him—and only one was protected activity. Mot. 2.

Not so. First, to survive summary judgment, Mr. Brett need not *prove* that his protected activity was a but-for cause of the adverse actions. Rather, he merely "must raise a genuine dispute over the employer's honest belief in its proffered explanation." *Morris v. McCarthy*, 825

---

[1] All page citations are to the page numbers generated by the Court's CM/ECF system.

F.3d 658, 671 (D.C. Cir. 2016).  "A plaintiff can meet this burden by casting doubt on the objective validity of the employer's explanation."  *Id.*  A jury, not the Court, will decide whether Mr. Brett's protected activity was a but-for cause of the adverse actions here.

As to Mr. Brett's particular statement in his affidavit, "[t]he requirement of but-for causation in retaliation claims does not mean that the protected activity must have been the only cause of the adverse action."  *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 n.1 (7th Cir. 2014).  Rather, it means that the adverse action would not have happened without the protected activity.  As the Supreme Court has explained, "if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived."  *Burrage v. United States*, 134 S. Ct. 881, 888 (2014).  And again, *Nassar* says that a plaintiff must prove that his protected activity was "a but-for cause," not "the but-for cause."  *See Nassar*, 570 U.S. at 362.

The fact that a plaintiff admits that things other than retaliation could explain his employer's decisions is relevant.  *See, e.g.*, *Morales v. Gotbaum*, 42 F. Supp. 3d 175, 200 (D.D.C. 2014); *Dunbar v. Foxx*, 246 F. Supp. 3d 401, 415–16 (D.D.C. 2017).  For example, it may be evidence that the employer's proffered reasons were honest.  And the Court suspects that a jury would find it relevant to its determination as to whether a plaintiff has proven but-for causation.  But such an admission alone is not dispositive here.

The cases, cited by the Postmaster General, do not suggest otherwise.  In *Morales*, the plaintiff provided "no evidence" from which the court could infer that the alleged adverse actions would not have happened but for the plaintiff's protected activity.  42 F. Supp. 3d at 200.  Not so here.  For instance, there is evidence that his supervisor was preparing his affidavit in response to

3

the EEO complaint the same week Mr. Brett's requests for leave was denied. *See Brett*, 2019 WL 4040682, at *8.

And in *Dunbar*, the court also denied summary judgment, explaining that "a reasonable fact-finder might reach different conclusions" about whether the adverse action was caused by retaliatory animus over protected activity or based on earlier events. 246 F. Supp. 3d at 415–16. Here, a reasonable fact-finder may believe that Mr. Brett's supervisors treated him this way because he was subordinate *or* because he engaged in protected activity. That is a jury question. The Postmaster General tries to distinguish *Dunbar*, pointing out that "there is no basis to parse pre-EEOC and post-EEOC conduct" here. *See* Mot. 4. Sure, that would make his case for causation stronger. Even so, the jury can decide whether Mr. Brett has proven that the alleged actions would not have occurred but for his protected activity.

Viewing the facts in the light most favorable to Mr. Brett, the Court adheres to its prior determination that he has produced evidence by which a reasonable jury could conclude that the Postmaster General's stated reason was pretextual. So the Court will deny her Motion for Reconsideration.

More, the Postmaster General did not really make this argument earlier. Rule 59(e) motions "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos, Inc.*, 881 F.3d at 217. The Postmaster General quoted the EEOC affidavit in her motion for summary judgment. *See* Mot. for Summ. J. ("Def.'s Br.") 15, ECF No. 53-3. Citing that affidavit, she said "[b]ut for causation also fails because Plaintiff stated he was retaliated against because: he called Trent a liar at a meeting; he challenged Trent's authority to order him not to where overalls; would not participate in an interview; and would not use a union member to represent him." *Id.* That is all. The Postmaster General, in her motion

for summary judgment, did not cite *Nassar* or insist that protected activity must be the exclusive but-for cause in a retaliation case. And as the Circuit has acknowledged, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." *New York Rehab. Care Mgmt., LLC v. N.L.R.B.*, 506 F.3d 1070, 1076 (D.C. Cir. 2007).[2]

According to the Postmaster General, "there is a need to correct an error." Mot. 2. But the standard for Rule 59(e) motions is *clear* error. *See Leidos, Inc.*, 881 F.3d at 217. As discussed above, the Court believes it did not err, and even the Postmaster General does not claim that any error was clear.

### III.

For all these reasons, it is hereby

**ORDERED** that the Defendant's [61] Motion for Reconsideration is DENIED.

**SO ORDERED**.

Dated: September 26, 2019                  TREVOR N. McFADDEN, U.S.D.J.

---

[2] The Postmaster General did challenge but-for causation on Mr. Brett's *disability discrimination* claim. *See, e.g.*, Def.'s Br. 1, 10–11. As to that claim, the Postmaster General then argued in her Reply Brief that Mr. Brett had conceded that he cannot prove but-for causation. *See* Def.'s Reply 1–2, ECF No. 58. She did not make this concession argument as to his retaliation claim. *See generally id.*